Shea N. Palavan (State Bar No. 339543)
service@houstonip.com
houstonip
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
Telephone: (832) 800-4133

*Attorneys for Plaintiff,*
*Spin Screen, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SPIN SCREEN, INC.,**

*Plaintiff,*

**V.**

**HOLOFAN CO., LLC,**

*Defendant.*

**CASE NO. 2:25-CV-04151**

**(JURY TRIAL DEMANDED)**

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR SUBSTITUTE SERVICE**

Plaintiff, Spin Screen, Inc. (hereinafter, "**Spin Screen**" or "**Plaintiff**"), by and through its undersigned counsel, hereby responds to this Honorable Court's Order to Show Cause (D.I. 16) and respectfully requests this Honorable Court grant the attached proposed order to serve Defendant, Holofan Co., LLC (hereinafter, "**Holofan**" or "**Defendant**") pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

## I. BACKGROUND

1. Holofan is a California domestic limited liability company formed on May 7, 2021, listing its designated office and mailing address as 13681 Newport Ave., Ste. 8-710, Tustin, California 92780, and naming LegalZoom.com, Inc. as its agent for service of process. *See* **Exhibit A**.

2. A May 17, 2021 Statement of Information for Holofan likewise identified 13681 Newport Ave., Ste. 8-710, Tustin, California 92780 as the principal, mailing, and California office address, and again listed LegalZoom.com, Inc. as the registered corporate agent for service of process. *See* **Exhibit B**.

3. On September 3, 2023, LegalZoom.com, Inc. resigned as Holofan's agent for service of process with the California Secretary of State. *See* **Exhibit C**.

4. On May 8, 2025, Plaintiff filed suit against Defendant. *See* Complaint, D.I. 1. The Complaint asserts causes of action for patent infringement under 35 U.S.C. § 271 of U.S. Patent Nos. 8,284,214 (the "**'214**

**Patent**") and 8,411,108 (the "**'108 Patent**") (collectively, the "**Patents-in-Suit**"). *See id.* Contemporaneously, Plaintiff requested issuance of two (2) summons against Defendant – one for Defendant's now-expired registered agent LegalZoom listed in the records of the California Secretary of State and, because said agent was listed as no longer valid, one for Defendant's mailing address listed in the records of the California Secretary of State, and, after correction based on the Clerk's notice to separate each request, on May 27, 2025, filed a corrected request. *See* D.I. 3, 9, & 10. That same day, the Clerk issued the requested summonses. *See* D.I. 11 & 12.

5. On July 15, 2025, Plaintiff mailed the summons and complaint via United States Postal Service to Holofan at 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780, as reflected in the attached proof of service by mail. *See* **Exhibit D**.

6. On August 14, 2025, a process server delivered the summons and complaint package at The UPS Store #1980 located at 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780, with the UPS clerk "Vanessa" issuing a package drop-off receipt and identifying herself as authorized to accept service.

7. Further, on August 14, 2025, the Server sent a certified letter with return receipt requested to Jason Li, who Holofan had represented to the FCC was a proper contact for Holofan. *See id.*

8. On September 5, 2025, Plaintiff received an email from Richard de Bodo with Rimon Law indicating he was counsel for Holofan. *See* **Exhibit E**. These communications continued into January 2026 concerning potential resolution and service issues. *See id.*

9. In August 2026, Rimon confirmed that Mr. de Bodo had departed the firm, provided his new affiliation at Barton LLP, and Plaintiff's counsel sought confirmation regarding representation and service; follow-up emails were sent to Mr. de Bodo at Barton and to Rimon administrative contacts regarding replacement counsel, without confirmation of authorized counsel to accept service. *See id.* No further communications have been received by counsel for Holofan.

10. Plaintiff also identifies Holofan's current address as listed on its own website privacy-policy page for purposes of diligence and proposed substitute service: Holofan Co., 110 Fable, Irvine CA 92618, United States, located on Holofan's website at https://holofanco.com/pages/privacy-policy. *See* **Exhibit F**.

## II. ARGUMENTS AND AUTHORITIES

### A. *Plaintiff has exercised reasonable diligence and good-faith efforts to serve Holofan.*

11. Plaintiff relied on California Secretary of State records identifying 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780 as Holofan's designated office and mailing address, and LegalZoom.com, Inc. as agent, but LegalZoom resigned as agent on September 3, 2023, leaving no active agent of record at the time service was attempted.

12. Plaintiff attempted service by mail to the designated Tustin address and by delivering the summons and complaint to the UPS Store at that address, which issued a drop-off receipt, and also sent USPS Certified Mail with tracking.

13. Plaintiff further pursued communications with counsel who had stated he represented Holofan, exchanging multiple emails beginning September 2025 and continuing through January 2026, but counsel later changed firms and no substitute or authorized counsel to accept service was confirmed despite multiple statements that further information would be provided.

14. These efforts, coupled with the agent resignation and mailbox address complications, demonstrate good cause and reasonable diligence.

### B. *Personal service has been impracticable.*

15. The Secretary of State filings for Holofan direct to 13681 Newport Ave., Ste. 8-710, which corresponds to a UPS Store mailbox rather than a physical business office, as evidenced by the UPS Store #1980 receipt and process server's notation.

16. LegalZoom's resignation as registered agent eliminated the most direct statutory method of personal service on Holofan, contributing to the impracticability of traditional service avenues.

17. In light of these impediments, and with no confirmed counsel authorized to accept service, alternative means reasonably calculated to give actual notice are warranted.

### C. *The Court should authorize substitute service tailored to ensure notice.*

18. Plaintiff proposes the following substitute service methods, each reasonably calculated to provide actual notice and supported by the record:

a. Service by mail to last known physical and mailing addresses associated with Holofan, including: a) 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780; and b) Holofan Co., 110 Fable, Irvine CA 92618,

United States (as listed on Holofan's website privacy-policy page).

b. Service by email to known counsel and contacts reflected in the communications history, including rdebodo@bartonesq.com and jasonli1994@yahoo.com, and any other email addresses reflected in the record.

c. Service via any California Secretary of State method authorized when an LLC lacks a registered agent or when the agent cannot be found with reasonable diligence, to the extent applicable based on the Court's order and the Secretary's procedures.

d. Any additional method the Court deems reasonably calculated to provide actual notice, including service to any email or contact published on Holofan's website privacy-policy page.

19. Mail service to 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780 is supported by prior mailings and delivery at the UPS Store associated with that address.

20. Email service to the addresses used during case-related communications is supported by the parties' email exchanges in September 2025, January 2026, and August 2026, including Rimon's notice providing Mr. de Bodo's Barton LLP contact information.

21. Plaintiff's August 2026 follow-ups to Rimon and to Mr. de Bodo at Barton further demonstrate that email is a viable channel for providing actual notice to Holofan's representatives or intermediaries.

22. Authorizing these combined methods will maximize the likelihood of actual notice while resolving the barriers encountered.

## III. CONCLUSION AND PRAYER FOR RELIEF

23. Plaintiff respectfully requests that the Court: (a) find good cause and discharge the OSC; (b) grant the motion and authorize the substitute service methods specified; and (c) extend Plaintiff's deadline to complete service and file proof of service to thirty (30) days from the Order, with Defendant's response due twenty-one (21) days after service is deemed completed.

24. Therefore, Plaintiff requests that the Court enter an order providing:

a. The Order to Show Cause is discharged based on Plaintiff's demonstrated diligence and good-faith efforts.

b. Plaintiff's motion for substitute service is granted.

c. Plaintiff is authorized to effect substitute service of the summons and complaint, and all initiating documents, by accomplishing any or all of the following:

i. Mailing, via certified mail and first-class mail, to Holofan Co., LLC at 13681 Newport Ave., Ste. 8-710, Tustin, CA 92780; and to Holofan Co., 110 Fable, Irvine CA 92618, United States;

ii. Emailing PDF copies to the following addresses: rdebodo@bartonesq.com or jasonli1994@yahoo.com, and any other email addresses listed in the record; or

iii. Undertaking any Secretary of State–facilitated service that is available and applicable to Holofan in light of the resignation of its registered agent.

d. Service shall be deemed complete upon the later of: (i) three court days after the mailing described in Paragraph 3(a) is deposited; and (ii) transmission of the emails in Paragraph 3(b), with counsel to file a declaration attaching mailing receipts, certified mail tracking, and email transmission records.

e. Plaintiff is granted an extension of time to complete service and file proof of service to thirty (30) days from entry of this Order.

f. Defendant's response to the complaint shall be due twenty-one (21) days after service is deemed complete as set forth herein, unless otherwise ordered.

Dated: September 14, 2026

Respectfully submitted,

**houstonip**

*/s/ Shea N. Palavan*

Shea N. Palavan (State Bar No. 339543)
service@houstonip.com
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
5353 West Alabama Street, Suite 303
Houston, Texas 77056
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)

*Attorneys for Plaintiff,*
*Spin Screen, Inc.*